SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
58 EAST PARTNERS, LLC

                Plaintff,

     -against-

TRAVELERS EXCESS AND SURPLUS
LINES COMPANY,

                Defendant.
-----------------------------------------------------------------X

Index No.:
Date purchased:

Plaintiff(s) designate(s)
   NEW YORK
County as the place of trial

**SUMMONS**

Plaintiff(s) Reside(s) at:
58 East 1st Street
New York, New York
County of New York

The basis of venue designated
is: Plaintiff's Principal Place
    of Business

To the above named Defendant(s):

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiffs' Atttorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated, the 2nd day of March, 2020

                                    LERNER, ARNOLD & WINSTON, LLP
                                    Attorneys for Plaintiff
                                    By_____
                                       Johnathan C. Lerner
                                  475 Park Avenue South, 28th Floor
                                  New York, New York 10016
                                  (212) 686-4655

Defendant's Address:

Travelers Excess and Surplus Lines Company, c/o NYS Department of Financial Services

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
58 EAST PARTNERS, LLC

      Plaintiff,

  -against-            **COMPLAINT**

TRAVELERS EXCESS AND SURPLUS
LINES COMPANY,

      Defendant.
-----------------------------------------------------------------X

  Plaintiff, 58 EAST PARTNERS, LLC, by its attorneys, LERNER, ARNOLD & WINSTON, LLP, as and for its Complaint, alleges, upon information and belief as follows:

  1. At all times hereinafter mentioned, plaintiff 58 EAST PARTNERS, LLC was and still is a domestic limited liability company, organized and existing under and by virtue of the laws of the State of New York, with its principal placed of business located in the State of New York.

  2. At all times hereinafter mentioned, defendant TRAVELERS EXCESS AND SURPLUS LINES COMPANY, ("Defendant") was and still is a foreign business corporation, regularly conducting business in the State of New York, and subject to the Jurisdiction of this Court.

  3. At all times hereinafter mentioned, Defendant was authorized by the New York State Department of Financial Services to issue policies of insurance in the State of New York,



including the policy issued to Plaintiff herein.

4. At all times hereinafter mentioned, defendant was an unadmitted carrier, regularly conducting business in and subject to the jurisdiction of the Courts of the State of New York.

## BACKGROUND FACTS RELEVANT TO ALL CAUSES OF ACTION

5. At all times hereinafter mentioned, Plaintiff was and still is the owner of the premises located at 58 East 1st Street, New York, New York ("the subject premises").

6. At all times hereinafter mentioned, Plaintiff maintained an insurable interest in the subject premises.

7. At all times hereinafter mentioned, the subject premises consisted of a mixed-use apartment building, containing thirty-seven (37) residential units, and one (1) commercial unit.

8. Prior to January 9, 2019, for good and valuable consideration, Defendant issued to Plaintiff a policy of insurance bearing number KTQ-CMB-7E25504-4-18, with effective dates of coverage from June 20, 2018 through June 20, 2019 ("the Policy").

9. The Policy insured the subject premises against all risks of loss, except for those specifically excluded.



10. The Policy insured Plaintiff for any increased costs of construction incurred in the event of a loss to the subject premises that required compliance with current building ordinances and/or laws to bring it up to code (hereinafter "Code Upgrade").

11. The Policy also insured Plaintiff for any loss of rental income it sustained as the result of a covered loss.

12. On or about January 9, 2019, vibrations and other effects caused by construction work in the street outside the subject premises caused direct physical damage to the gas piping system at the premises.

13. As a result of the direct physical damage to the gas piping system, Con Edison "red tagged" the building and shut down the gas service to the subject premises.

14. Once Con Edison red tagged the building, by New York City code, the subject premises had to pass integrity testing in order to have gas service restored to the building.

15. By virtue of the direct physical damage sustained to the gas piping system at the subject premises, Plaintiff incurred costs and expenses to upgrade the electrical system so as to avoid the replacement of the gas piping system, which would have been substantially more expensive.



## AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT
### (Breach of Contract – Building)

16. Plaintiff repeat, reiterate and reallege each and every allegation set forth in preceding paragraphs numbered "1" through "15" inclusive, with the same force and effect as though more fully set forth herein at length.

17. On or about January 9, 2019, while the Policy was in full force and effect, the subject premises were damaged by virtue of a covered peril.

18. Subsequent to January 9, 2019 Plaintiff submitted a claim to Defendant seeking to be indemnified for the damages sustained to the subject premises by virtue of the covered peril.

19. Plaintiff has complied with all of the conditions precedent to payment set forth in the Policy.

20. Defendant has failed and refused to pay Plaintiff for the property damages sustained to the subject premises as a result of the loss, despite the fact that same has been duly demanded.

21. Defendant's failure to indemnify Plaintiff for the damages sustained to the subject premises as a result of January 9, 2019 loss constitutes a breach of contract.

22. As a result of Defendant's breach of contract, Plaintiff has been damaged in a sum to be determined at the trial of this action, but believed to exceed the jurisdictional limits of all Lower Courts.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT**
(Breach of Contract – Loss of Rental Income)

23. Plaintiff repeats, reiterates and realleges each and every allegation set forth in preceding paragraphs numbered "1" through "22" inclusive, with the same force and effect as though more fully set forth herein at length.

24. On or about January 9, 2019, while the Policy was in full force and effect, the subject premises was damaged as a result of a covered peril.

25. As a direct and proximate result of the January 9, 2019 loss, and the loss of gas to the subject premises, and to mitigate its losses, Plaintiff provided several tenants with a rent abatement.

26. Subsequent to January 9, 2019, Plaintiff submitted a claim to Defendant seeking to be indemnified for the loss of rental income it sustained as a result of the loss.

27. Plaintiff has complied with all of the conditions precedent to payment set forth in the Policy.



28. Defendant has failed and refused to indemnify Plaintiff for its loss of rental income, despite the fact that same has been duly demanded.

29. Defendant's failure to indemnify Plaintiff for its loss of business income by virtue of the Loss constitutes a breach of contract.

30. As a result of Defendant's breach of contract, Plaintiff has been damaged in a sum to be determined at the trial of this action, but believed to exceed the jurisdictional limits of all Lower Courts.

WHEREFORE, Plaintiff demands judgment against Defendant: (1) on its First Cause of Action for Breach of Contract in a sum to be determined at trial, but believed to exceed the jurisdictional limits of all Lower Courts; and (2) on their Second Cause of Action for Breach of Contract in a sum to be determined at the trial of this action, but believed to exceed the jurisdictional limits of all Lower Courts, with interest thereon from January 9, 2019, together with the costs and disbursements of this action, including reasonable attorney's fees.

Dated: New York, New York
March 2, 2020

LERNER, ARNOLD & WINSTON, LLP
Attorneys for Plaintiff

By _____
Johnathan C. Lerner
475 Park Avenue South, 28th Floor
New York, New York 10016
(212) 686-4655

NYSCEF DOC. NO. 1	RECEIVED NYSCEF: 03/02/2020

Index No.:           Year

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

58 EAST PARTNERS, LLC,

             Plaintiff,

-against-

TRAVELERS EXCESS AND SURPLUS LINES COMPANY,

             Defendant.

## SUMMONS and COMPLAINT

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney duly admitted to practice law in the State of New York, certifies that, upon information and belief based upon reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

Dated:    March 2, 2020        Signature: _____

                                             Print Signer's Name:    Johnathan C. Lerner

Service of a copy of the within                      ]     is hereby admitted.

Dated:

                                           ...........................................
                                                    *Attorney(s) for*

### LERNER, ARNOLD & WINSTON, LLP
Attorneys for Plaintiff
475 Park Avenue South – 28th Floor
New York, New York 10016
(212) 686-4655

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------X
58 EAST PARTNERS, LLC

                Plaintiff,

      -against-

TRAVELERS EXCESS AND SURPLUS
LINES COMPANY,

                Defendant.
-----------------------------------------------------------------------X

Index No. 651408/20

**ADMISSION OF SERVICE**

    I, Yale Glazer, a Member of the law firm Lazare Potter Giacovas & Moyle, LLP, counsel for defendant TRAVELERS EXCESS AND SURPLUS LINES COMPANY (hereinafter "Travelers"), hereby acknowledge receipt of a copy of the Summons and Complaint filed in this case, and service of this pleading is accepted and admitted. Travelers hereby waives any requirement for additional service of the Summons and Complaint in this action. Travelers hereby agrees to Answer the Complaint on or before June 30, 2020.

Dated:    New York, New York
             May 28, 2020

                                                _____
                                                    YALE GLAZER

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

58 EAST PARTNERS, LLC,

                Plaintiff,              Index No.: 651408/2020

    - against -                **ANSWER**

TRAVELERS EXCESS AND SURPLUS LINES
COMPANY,

                Defendants.

      Defendant Travelers Excess and Surplus Lines Company ("Travelers"), by its attorneys Lazare Potter Giacovas & Moyle LLP, as and for its answer to Plaintiff 58 East Partners, LLC's ("Plaintiff") Complaint (the "Complaint"), states as follows:

      1.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1, 5, 6, 7 and 14 of the Complaint.

      2.      Admits the allegations contained in paragraph 2 of the Complaint.

      3.      Denies the allegations contained in paragraphs 3 and 4 of the Complaint, except admits that Travelers is an unadmitted carrier which conducts business in the State of New York.

      4.      Denies the allegations contained in paragraphs 8, 9, 10 and 11 of the Complaint, except admits that Travelers issued a policy (no. KTQ-CMB-7E25504-4-18) to Plaintiff effective June 20, 2018 to June 20, 2019 (the "Policy"), respectfully refers the Court to the Policy for its full terms, conditions, provisions, exclusions, limitations and endorsements, and denies all remaining allegations.

      5.      Denies the allegations contained in paragraphs 12 and 13 of the Complaint.

      6.      Denies the allegations contained in paragraph 15 of complaint that the alleged damage to the premises was caused by "direct physical damage" as that term is defined in the

Policy, and otherwise denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations.

## AS AND FOR A RESPONSE TO THE
## FIRST CAUSE OF ACTION

7. In response to paragraph 16 of the Complaint, Travelers repeats and reiterates each and every response to paragraphs 1 through 15 of the Complaint as if fully set forth herein.

8. Denies the allegations contained in paragraphs 17, 21 and 22 of the Complaint.

9. Denies the allegations contained in paragraph 18 of the Complaint, except admits that Plaintiff submitted a claim to Travelers.

10. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

11. Denies the allegations contained in paragraph 20 of the Complaint, except admits that Travelers properly and justifiably denied coverage to Plaintiff for the claimed loss.

## AS AND FOR A RESPONSE TO THE
## SECOND CAUSE OF ACTION

12. In response to paragraph 23 of the Complaint, Travelers repeats and reiterates each and every response to paragraphs 1 through 22 of the Complaint as if fully set forth herein.

13. Denies the allegations contained in paragraphs 24, 29 and 30 of the Complaint.

14. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs 25 and 27 of the Complaint.

15. In response to paragraph 26 of the Complaint, admits that Plaintiff submitted a claim to Travelers, respectfully refers the Court to such submission for its full and true meaning and content, and denies all remaining allegations.

16. Denies the allegations contained in paragraph 28 of the Complaint, except admits that Travelers properly and justifiably denied coverage to Plaintiff for the claimed loss.

## AS AND FOR A FIRST DEFENSE

17. Plaintiff has failed to state any claim or cause of action against Travelers for which relief can be granted.

## AS AND FOR A SECOND DEFENSE

18. Plaintiff's claims against Travelers are barred, upon information and belief, by laches, waiver, estoppel, unclean hands and/or statute of limitations.

## AS AND FOR A THIRD DEFENSE

19. Plaintiff's claims against Travelers should be dismissed based on defenses founded upon documentary evidence.

## AS AND FOR A FOURTH DEFENSE

20. Upon information and belief, Plaintiff failed to mitigate its alleged damages.

## AS AND FOR A FIFTH DEFENSE

21. The Policy covers only "risks of direct physical loss" to covered property unless excluded or limited. Plaintiff's claims should be dismissed because and to the extent it seeks recovery with respect to something other than direct physical loss or damage to covered property under the Travelers Policy.

## AS AND FOR A SIXTH DEFENSE

22. The Policy, under its language and applicable law/public policy, does not and cannot cover any pre-existing loss or damage.

## AS AND FOR A SEVENTH DEFENSE

23. The Policy requires Plaintiff to cooperate with Travelers, including but not limited to

providing prompt notice of a claim or loss and an opportunity for Travelers to inspect the claimed loss before altering it or making any changes to same. If and to the extent Plaintiff failed to comply with such obligations, there is no coverage available under the Policy.

## AS AND FOR AN EIGHTH DEFENSE

24. The Complaint should be dismissed if and to the extent Plaintiff failed to name and/or join all necessary parties to this action.

## AS AND FOR A NINTH DEFENSE

25. In the event that Travelers is found to owe coverage for the loss, which Travelers denies, Plaintiff is not entitled to payment beyond that permitted by the terms, conditions and procedures set forth in the Policy's "Loss Settlement," "Loss Payment," "Limits of Insurance", "Other Insurance" or any other such provisions.

## AS AND FOR A TENTH DEFENSE

26. Any coverage afforded by the Policy would be subject to any and all deductibles, retained limits, retentions, self-insured retention and/or other limits as stated in the Policy.

## AS AND FOR AN ELEVENTH DEFENSE

27. The Complaint should be dismissed to the extent it concerns or relates to any alleged circumstances, accidents, losses, occurrences or damages that took place outside of the policy period of the Policy. Nor does the Policy, under its language and applicable law/public policy, cover any damage or loss that existed prior to the inception of the Policy and/or that was (or should have been) known to the insured prior to the inception of the Policy.

## AS AND FOR A TWELFTH DEFENSE

28. Any obligation by Travelers under the Policy is subject to all its terms, conditions, limitations, provisions and exclusions

## AS AND FOR A THIRTEENTH DEFENSE

29. While the Policy provides coverage for "Ordinance or Law," as defined therein, any coverage would be subject to the terms and conditions of such coverage under the Policy, and in the timeframe set forth therein.

## AS AND FOR A FOURTEENTH DEFENSE

30. The Policy provides in pertinent part as follows:

D. EXCLUSIONS

> *1. The Company will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.*
>
> *a. EARTH MOVEMENT*
>
> *(1) Any earth movement . . . and any other earth sinking, rising, shifting or movement, all whether naturally occurring or due to man made or other artificial causes.*
>
> *\* \* \*\**
>
> *2. We will not pay for loss or damage caused by or resulting from any of the following:*
>
> *\* \* \* \**
>
> *c.  (1) wear and tear or depletion;*
> *    (2) rust, corrosion, fungus, decay, deterioration, wet or dry rot, mold, hidden or latent defect or any quality in property that causes it to damage or destroy itself;*
> *    (3) settling, cracking, shrinking or expansion;*
>
> *\* \* \* \**
>
> *3. The Company will not pay for any loss or damage caused by or resulting from any of the following: . . . .*
>
> *c.  Faulty, inadequate or defective:*
>
> *    (1) Planning, zoning, development, surveying, siting;*
> *    (2) Design, specifications, workmanship, repair, construction,*

> *renovation, remodeling, grading, compaction;*
> *(3)   Materials used in repair, construction, renovation or remodeling; or*
> *(4)   Maintenance;*
>
> *of part or all of any property on or off the described premises. . . .*

31. If and to the above exclusions apply, there is no coverage available to Plaintiff under the Policy.

## AS AND FOR A FIFTEENTH DEFENSE

32. Any request for recovery of business income or extra expense would be subject to the Policy terms, conditions and provisions concerning the recovery of said damages.

## AS AND FOR A SIXTEENTH DEFENSE

33. Travelers reserves the right to assert additional defenses (policy based or otherwise) upon receipt and review of all documents and other materials or information relevant to this matter.

WHEREFORE, Travelers demands judgment as follows:

a.   dismissing the Complaint in its entirety;

b.   awarding Travelers its costs and expenses; and

c.   awarding Travelers such other and further relief as the Court otherwise deems just and proper.

Dated: New York, New York
       June 3, 2020

LAZARE POTTER GIACOVAS & MOYLE LLP

By: ___s/yale glazer_____
    Yale Glazer, Esq.
747 Third Avenue, 16th Floor
New York, New York 10017
(212) 758-9300
Attorneys for Defendant Travelers Casualty Insurance Company of America

6

TO:  LERNER, ARNOLD & WINSTON, LLP
     Johnathan C. Lerner, Esq.
     475 Park Avenue South, 28th Floor
     New York, New York 10016
     (212) 686-4655
     Attorneys for Plaintiff

     (via NYSCEF)

7

# Yale Glazer

| | |
|---|---|
| From: | Johnathan Lerner <jlerner@lawpartnersllp.com> |
| Sent: | Wednesday, February 3, 2021 4:03 PM |
| To: | Yale Glazer |
| Subject: | RE: 340-1397 FW: NYSCEF Notification: New York - Commercial - Insurance - Notification from Court <COURT NOTICE> 651408/2020 (58 EAST PARTNERS, LLC v. TRAVELERS EXCESS AND SURPLUS LINES COMPANY) |

**[WARNING]** This email is from an **EXTERNAL** sender. **Do not click** on links or attachments unless you expect them from the sender and know the content is safe.

Confirming members are all NY State resident and domicile and damages in excess of $75k.

Very truly yours,

Johnathan C. Lerner, Esq.
Lerner, Arnold & Winston, LLP
475 Park Avenue South, 28th Floor
New York, New York 10016
(212) 686-4655
(646) 588-5185 (Direct)
(212) 532-3301 (Fax)



**From:** Yale Glazer [mailto:yglazer@lpgmlaw.com]
**Sent:** Wednesday, February 03, 2021 8:01 AM
**To:** Johnathan Lerner <jlerner@lawpartnersllp.com>
**Subject:** 340-1397 FW: NYSCEF Notification: New York - Commercial - Insurance - Notification from Court <COURT NOTICE> 651408/2020 (58 EAST PARTNERS, LLC v. TRAVELERS EXCESS AND SURPLUS LINES COMPANY)

John:

We are supposed to file something today. If you give me the Plaintiff LLC's members' domiciles and confirm in writing you are seeking in excess of 75k, I will remove today, obviating the need to do anything further in state court. Otherwise, we need to set dates for you to respond to my discovery demands, upon receipt of which I will then remove.

Thanks,
Yale

1